# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-------------------------------------------------------------------x
DORTHLEY BEAUVAL

                         Plaintiff/Petitioner,

         - against -                     Index No.158073/2021
THE CITY OF NEW YORK

                         Defendant/Respondent.
-------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 9/16/2021

Kareem R. Vessup

Name

Law Office of Kareem R. Vessup

Firm Name

89-31 161st, Jamaica, Suite 705

New York, 11432

Address

7182198744

Phone

kvessup@vessuplaw.com

E-Mail

To: P.O William Helbok

1 Police Plaza

New York, NY 10038

2/24/20

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No.: 150073/24

------------------------------------------X

DORTHLEY BEAUVAL,

**SUMMONS**

                        Plaintiff(s),

Plaintiff designates
NEW YORK County as
the place of trial.

  -against-

The basis of venue
is: where the Tort
arose

THE CITY OF NEW YORK, NYC POLICE
COMMISSIONER DERMOT SHEA, P.O. DANIEL TOOMA
(Shield No. 24945), WILLIAM HELBOK (Tax
Reg. 941037) and JOHN DOES "1" through "10"
(NYPD Deputy Commissioners, Commanding
Officers and Supervising Officers
responsible for directing and supervising
the NYPD's response to the George Floyd and
Breonna Taylor peaceful protests and the
NYPD Officers responding to the June 1,
2020 protest at or near Trump Tower, whose
names are currently unknown to Plaintiff),

The Tort arose in:
NEW YORK COUNTY

                  Defendants.

------------------------------------------X

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action,
and to serve a copy of your answer, or, if the complaint is not
served with this summons, to serve a notice of appearance on the
Plaintiffs' attorneys within twenty days after the service of this
summons, exclusive of the day of service, where service is made by
delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other
manner. In case of your failure to appear or answer, judgment will
be taken against you by default for the relief demanded in the
complaint.

DATED:    JAMAICA, NEW YORK
            AUGUST 25, 2021

KAREEM R. VESSUP
THE LAW OFFICE OF KAREEM R. VESSUP
ESQ.
Attorneys for Plaintiff
**DORTHLEY BEAUVAL**

89-31 161st Street, Suite 705
Jamaica, New York 11432
(718) 219-8744

TO:     The City of New York
        c/o NYC Law Department
        100 Church Street
        New York, NY 10007

        NYPD   Commissioner   Dermot
        Shea
        One Police Plaza
        New York, NY 10038

        P.O. Daniel Tooma
        One Police Plaza
        New York, NY 10038

        P.O. William Helbok
        One Police Plaza
        New York, NY 10038

        John Doe 1-10
        One Police Plaza
        New York, NY 10038

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
----------------------------------------------X
DORTHLEY BEAUVAL.

Plaintiff,

Index No.: 158073/21

**VERIFIED COMPLAINT**

-against-

THE CITY OF NEW YORK, NYC POLICE
COMMISSIONER DERMOT SHEA, P.O. DANIEL TOOMA
(Shield No. 24945), WILLIAM HELBOK (Tax
Reg. 941037) and JOHN DOES "1" through "10"
(NYPD Deputy Commissioners, Commanding
Officers and Supervising Officers
responsible for directing and supervising
the NYPD's response to the George Floyd and
Breonna Taylor peaceful protests and the
NYPD Officers responding to the June 1,
2020 protest at or near Trump Tower, whose
names are currently unknown to Plaintiff),
Defendants.
----------------------------------------------X

Plaintiff **DORTHLEY BEAUVAL** by his attorneys THE LAW OFFICE OF

KAREEM R. VESSUP ESQ., complaining of the Defendants, respectfully

allege upon information and belief, as follows:

1. At all times herein mentioned, Plaintiff **DORTHLEY BEAUVAL**

was and still is a resident of the County of Nassau, City and State

of New York.

2. At all times herein mentioned, Defendant, **THE CITY OF NEW**

**YORK** was, and still is a municipal corporation duly organized

existing by virtue of the laws of the State of New York.

3. Defendant **THE CITY OF NEW YORK** maintains the New York

City Police Department, a duly authorized department of **THE CITY OF NEW YORK** authorized to perform all of the functions of a police department as per the applicable sections of the rules and the regulations of **THE CITY OF NEW YORK**.

4. At all times hereinafter mentioned, **NYC POLICE COMMISSIONER DERMOT SHEA, P.O. DANIEL TOOMA** (Shield No. 24945), **WILLIAM HELBOK** (Tax Reg. 941037) and the **JOHN DOE** Defendants were, and in most cases, still are, duly sworn police officers, detectives, senior officers and or Commissioners of the NYPD and were acting under the supervision of said department and according to their duties.

5. At all times hereinafter mentioned the individually named Defendants were acting as agents, servants and/or employees of the Defendant **THE CITY OF NEW YORK**.

6. On or about August 31, 2020, the Plaintiff timely served a Notice of Claim, in writing and sworn to on his behalf, upon the Defendant **THE CITY OF NEW YORK**, by delivering a copy thereof in duplicate to the officer designated to receive such process personally, which Notice of Claim advised the Defendant **THE CITY OF NEW YORK**, of the nature, place, time and manner in which the claim arose, the items of damage and injuries sustained so far as was then determinable.

7.   At least thirty (30) days have elapsed since the service of the claim prior to the commencement of this action and adjustment of payment thereof has been neglected or refused, and this action has been commenced within one year and ninety (90) days after the cause of action herein alleged accrued.

8.   The Plaintiff has complied with the request of the municipal Defendant for an oral examination pursuant to Section 50h of the General Municipal Law in that a 50h hearing was held on January 27, 2021.

## JURISDICTION

9.   Jurisdiction here is proper in that this cause of action is being brought in the county where the cause of action accrued.

10.   All of the aforementioned incidents occurred within NEW YORK County, City and State of New York.

## BACKGROUND FACTS

11.   During the weekend of May 29 through June 1st 2020 protests took place in several locations throughout New York City in response to the deaths of Breonna Taylor and George Floyd.

12.   One such protest was scheduled to occur in front of Trump Tower in New York County on June 1, 2020.

13.   Plaintiff **DORTHLEY BEAUVAL** was planning on attending the protest.

14. Plaintiff, a resident of Nassau County, travelled into Manhattan by subway.

15. Upon exiting the subway, Plaintiff began walking toward Trump Tower.

16. While walking Plaintiff encountered a group of NYPD officers who directed Plaintiff to turn around because there was no protest.

17. In response Plaintiff turned around and headed back towards the train station.

18. A group of several individuals ran past Plaintiff as he walked back to the train station.

19. Shortly thereafter Plaintiff was confronted by another group of 4 or 5 NYPD officers.

20. Unprovoked, one of the NYPD officers picked up Plaintiff by his backpack, and slammed Plaintiff into the concrete headfirst.

21. Plaintiff was assaulted by these officers while on the ground and ultimately handcuffed.

22. While handcuffed, one or more of the officers began to punch Plaintiff in the face and head while other officers were sitting on top of the Plaintiff.

23. Plaintiff **DORTHLEY BEAUVAL** was arrested and charged with one or more violations of the New York State Penal Law.

24. That Defendants **THE CITY OF NEW YORK** and their agents, servants, and employees had no legal right to arrest Plaintiff **DORTHLEY BEAUVAL**.

25.    Thereafter Defendants **P.O. DANIEL TOOMA** (Shield No.
24945) and **P.O. WILLIAM HELBOK** (Tax Reg. 941037) falsified records
submitted to the NYPD and New York County District Attorney's Office
and by so doing caused Plaintiff to be charged with Attempted
Burglary in the Third Degree and Criminal Mischief in the Fourth
Degree in violation of New York Penal Law Sections 110/140.20 and
145.00 respectively.

26.    Plaintiff was innocent of both of these charged crimes.

27.    Plaintiff was arraigned on these charges on June 3, 2020
after remaining in pre-arraignment custody for approximately 48
hours.    The arraignment was held before Judge Clott in New York
County Criminal Court.

28.    The criminal prosecution continued until on or about
February 24, 2021 when all charges against Plaintiff were dismissed
on motion of the District Attorney.  The district attorney indicated
that the reason for the dismissal was because there was insufficient
evidence to prove Plaintiff committed the charged crimes.

## AS AND FOR A FIRST CAUSE OF ACTION

29.    Plaintiff repeats, reiterates, and realleges each of the
allegations provided in Paragraphs "1" through "28" with the same
force and effect as if restated herein.

30.    That on June 1, 2020, the Defendants jointly and severally
in their capacity as police officers, detectives and/or sergeants,
did   commit   an   assault   upon   Plaintiff **DORTHLEY   BEAUVAL**   by

5

intentionally approaching him with outstretched arms.

31. As a result of Defendants' conduct Plaintiff experienced a reasonable apprehension of a harmful or offensive contact.

32. At no time did Plaintiff consent to the unlawful conduct of the Defendants.

33. Defendants' conduct was not privileged or otherwise authorized by law.

34. As a result of Defendants' conduct Plaintiff **DORTHLEY BEAUVAL** was damaged.

## AS AND FOR A SECOND CAUSE OF ACTION

35. Plaintiff repeats, reiterates, and realleges each of the allegations provided in Paragraphs "1" through "34" with the same force and effect as if restated herein.

36. That on June 1, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants, intentionally committed a harmful or offensive touching upon Plaintiff **DORTHLEY BEAUVAL** by shoving, tackling, striking, punching and/or kicking him about his face and body.

37. At no time did Plaintiff consent to the unlawful conduct of the Defendants.

38. Defendants' conduct was not privileged or otherwise authorized by law.

39. As a result of Defendants' conduct, Plaintiff **DORTHLEY BEAUVAL** was damaged.

6

## AS AND FOR A THIRD CAUSE OF ACTION

40. Plaintiff repeats, reiterates, and realleges each of the allegations provided in Paragraphs "1" through "39" with the same force and effect as if restated herein.

41. That on June 1, 2020, the Defendants, jointly and severally in their capacity as police officers, detectives and/or sergeants, without any warrant or any other legal process and without any legal right, wrongfully and unlawfully arrested the Plaintiff **DORTHLEY BEAUVAL**.

42. At no time did Plaintiff consent to the unlawful conduct of the Defendants.

43. Defendants' conduct was not privileged or otherwise authorized by law.

44. As a result of Defendants' conduct, Plaintiff **DORTHLEY BEAUVAL** was damaged.

## AS FOR A FOURTH CAUSE OF ACTION

45. Plaintiff repeats, reiterates, and realleges each of the allegations provided in Paragraphs "1" through "44" with the same force and effect as if restated herein.

46. That on June 1, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants initiated a criminal prosecution against Plaintiff **DORTHLEY BEAUVAL** alleging one or more violations of the New York State Penal Law.

7

47. Said criminal prosecution was initiated without the required probable cause.

48. Said prosecution was initiated with malice.

49. Said prosecution continued until approximately February 24, 2021 when all charges against **DORTHLEY BEAUVAL** were dropped.

50. Defendants' conduct was not privileged or otherwise authorized by law.

51. As a result of Defendants' conduct, Plaintiff **DORTHLEY BEAUVAL** was damaged.

## AS FOR A FIFTH CAUSE OF ACTION

52. Plaintiff repeats, reiterates, and realleges each of the allegations provided in Paragraphs "1" through "51" with the same force and effect as if restated herein.

53. Plaintiff brings this cause of action pursuant to 42 USC §1983.

54. All of the aforementioned acts of the Defendants were carried out under color of state law.

55. All of the aforementioned acts deprived Plaintiff **DORTHLEY BEAUVAL** of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. §1983.

56. All of the aforementioned acts of the Defendants of were carried out by Defendants in their capacity as police officers,

detectives, senior officers and/or commissioners with the actual and/or apparent authority conferred upon them by **THE CITY OF NEW YORK**.

57. The acts complained of were carried out by Defendants pursuant to the customs, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and more specifically those policies, procedures and rules implemented and/or employed in response to the protests of the deaths of Breona Taylor and George Floyd.

58. That on June 1, 2020, the Defendants jointly and severally in their capacity as police officers, detectives and/or sergeants falsely arrested Plaintiff **DORTHLEY BEAUVAL**.

59. That on June 1, 2020, the defendants jointly and severally in their capacity as police officers, detectives and/or sergeants civilly assaulted Plaintiff **DORTHLEY BEAUVAL**.

60. That on June 1, 2020, the defendants jointly and severally in their capacity as police officers, detectives and/or sergeants committed a battery upon Plaintiff **DORTHLEY BEAUVAL**.

61. The afore-described actions of the Defendants resulted in the Plaintiff being deprived of the following rights under the United States Constitution:

      i. Freedom from assault to their person;

     ii. Freedom from battery to their person;

    iii. Freedom from false arrest;

     iv. Freedom from being unlawfully imprisoned;

      v. Freedom from malicious prosecution;

  vi. Freedom from being subjected to excessive use of force.

62. Plaintiff **DORTHLEY BEAUVAL** in no way consented to the conduct of Defendants.

63. The afore-described conduct of the Defendants was not privileged or otherwise protected by law.

64. As a result of Defendants' conduct, Plaintiff **DORTHLEY BEAUVAL** was damaged.

## AS AND FOR A SIXTH CAUSE OF ACTION

65. Plaintiff repeats, reiterates, and realleges each of the allegations provided in Paragraphs "1" through "64" with the same force and effect as if restated herein.

66. In relevant part, 42 United States Code, Section 1985(3) Provides:

> *"If two or more persons in any State or Territory conspire... for the purpose of depriving, either directly or indirectly, any person... of the equal protection of the laws, or of equal privileges and immunities under the laws...; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."*

67.    That on June 1, 2020, the defendants jointly and severally in their capacity as police officers, detectives, senior officers and commissioner conspired to directly violate Plaintiffs' Federal Constitutional and Statutory rights, as enumerated above, by virtue of their cooperative effort to assault, batter, falsely arrest and maliciously prosecute them without legal authority or consent.

68.    That on June 1, 2020, the defendants jointly and severally in their capacity as police officers, detectives senior officers and commissioner furthered the conspiracy by actually assaulting, battering, falsely arresting and maliciously prosecuting Plaintiff without legal authority or consent.

69.    As a result of the Defendant's conduct, Plaintiff **DORTHLEY BEAUVAL** suffered deprivations of his rights guaranteed by the United States Constitution, the laws of the United States and the State of New York.

70.    Said conduct of Defendants was not privileged nor authorized by law.

71.    As a result of the Defendants' unlawful conduct, Plaintiff was damaged.

## AS FOR A SEVENTH CAUSE OF ACTION

72.    Plaintiff repeats, reiterates, and realleges each of the previous allegations provided in Paragraphs "1" through "71" with the same force and effect as if restated herein.

73.    42 U.S.C. §1986 provides in relevant part:

> *"Every person, who having knowledge that any of the wrongs
> conspired to be done, and mentioned in section 1985 of
> this title, are about to be committed, and having power
> to prevent or aid in preventing the commission of the
> same, neglects or refuses so to do, if such wrongful act
> be committed, shall be liable to the party injured, or
> his legal representatives, for all damages caused by such
> wrongful act, which such person by reasonable diligence
> could have prevented.."*

74. That on June 1, 2020, Defendants developed and/or were knowledgeable of a policy, procedure and/or practice of policing the Breonna Taylor George Floyd protests that would deprive lawful and peaceful protesters of their protected rights under Federal Constitutional and Statutory law.

75. Despite possessing this knowledge Defendants took no steps to prevent the deprivation of these rights but rather implemented and executed the policy, procedure and/or practice, disregarding the resulting deprivation of rights.

76. Defendants were further aware of the resulting deprivations due to the numbers of individuals who were affected by the policy, procedure and practice when compared to the much smaller number of individuals who allegedly were engaging in looting and/or violence.

77. It was clear that the rights of lawful, peaceful protesters were being abrogated by the policy, procedure and practice being implemented generally, and specifically as it was applied to Plaintiff **DORTHLEY BEAUVAL**.

12

78. As a result of Defendants' failure to act, Plaintiffs' Federal Constitutional and Statutory rights were unlawfully violated, specifically Defendants failed to prevent Plaintiff from being assaulted, battered, falsely arrested, maliciously prosecuted, and subjected to the excessive use of force.

79. As a result of Defendants' failure to act, Plaintiff **DORTHLEY BEAUVAL** was damaged.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

80. Plaintiff repeats, reiterates, and realleges each of the allegations in Paragraphs "1" through "79" with the same force and effect as if restated herein.

81. Defendants, jointly and severally, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of **THE CITY OF NEW YORK** and/or NYPD that is forbidden by the United States Constitution.

82. The aforementioned customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and/or the NYPD included, but were not limited to, arresting citizens without probable cause, manufacturing evidence and/or engaging in falsification in an effort to secure convictions, cover up physical injuries inflicted upon individuals without cause and achieve ulterior motives like overtime compensation.

83. Additionally, **THE CITY OF NEW YORK** engaged in a policy, custom or practice of inadequate screening, hiring, retaining,

13

training, and supervising its police officers and detectives that was the driving force behind the violation of Plaintiffs' rights as described herein.

84. By failing to properly recruit, screen, train, discipline and supervise its officers, including the individually named Defendants herein, **THE CITY OF NEW YORK** has tacitly authorized, ratified, sanctioned and/or impliedly authorized Defendants' acts complained of herein.

85. The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff **DORTHLEY BEAUVAL**.

86. The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff **DORTHLEY BEAUVAL**.

87. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs constitutional rights.

88. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

> i. To be free from unlawful restrictions on their liberty;
>
> ii. To be free from false arrest;
>
> iii. To be free from unreasonable and unlawful searches;

    iv. To be free from malicious prosecution;

    v. To be free from the excessive and unlawful use of force;

    vi. To be free from unlawful warrantless detention and arrest.

89. As a result of the foregoing, Plaintiff **DORTHLEY BEAUVAL** was damaged.

## AS FOR A NINTH CAUSE OF ACTION

90. Plaintiff repeats, reiterates, and realleges each of the allegations in Paragraphs "1" through "89" with the same force and effect as if restated herein.

91. Defendant **THE CITY OF NEW YORK** is vicariously liable for the acts of its employees and agents who were on duty and acting within the scope of their employment when they engaged in the wrongful conduct described herein.

92. As a result of afore-described conduct of the Defendants, Plaintiff **DORTHLEY BEAUVAL** is entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION

93. Plaintiff repeats, reiterates, and realleges each of the allegations in Paragraphs "1" through "92" with the same force and

effect as if restated herein.

94.    The First Amendment to the United States Constitution provides in relevant part:

> *Congress shall make no law... abridging the freedom of speech...; or the right of the people peaceably to assemble ...*

95.    By participating in a peaceful demonstration about the killings of Black people at the hands of police officers and discriminatory policing, Plaintiff **DORTHLEY BEAUVAL** was exercising a right protected by the First Amendment of the United States Constitution.

96.    Defendants use of force against Plaintiff was motivated by, or substantially caused by, Plaintiffs' exercise of their First Amendment right, and it effectively chilled their exercise of that right.

97.    Defendants also physically injured Plaintiffs. As such, it constituted unlawful retaliation against Plaintiffs by a public official for engaging in First Amendment protected activity.

98.    The violations of Plaintiffs' First Amendment rights were directly and proximately caused by the actions and/or inactions of Defendants, who have encouraged, tolerated, ratified, and/or have been deliberately indifferent to the above-mentioned patterns and practices, and/or have been deliberately indifferent to the need for more or different training, supervision, investigation, and/or discipline of police officers. By failing to adequately train,

16

investigate, discipline, and/or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with their employees because the need to act is so obvious and the inadequacy of current practices is so likely to result in a deprivation of federal rights, Defendants have deprived Mr. Smith of rights, remedies, privileges, and immunities granted by the U.S. Constitution.

**WHEREFORE,** Plaintiff **DORTHLEY BEAUVAL** demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Compensatory damages in an amount to be determined by a jury;
2. Punitive damages against the individual Defendant in an amount to be determined by a jury;
3. Reasonable attorney's fees and the costs and disbursements of this action; and
4. Such other and further relief as appears just and proper.

Dated:  JAMAICA, NEW YORK
        AUGUST 25, 2021

Kareem R. Vessup
THE LAW OFFICE OF KAREEM R. VESSUP ESQ.
Attorney for Plaintiff(s)
**DORTHLEY BEAUVAL**
89-31 161st Street, Suite 705
Jamaica, New York 11432
(718) 219-8744 - P
(718) 228-7733 - F

17

## ATTORNEY VERIFICATION

KAREEM R. VESSUP, affirms the following pursuant to CPLR §2106 and under penalty of perjury:

I am the attorney for the Plaintiff in the within action. I have read the foregoing

### COMPLAINT

and knows the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. The reason that this verification is not made by Plaintiff and is made by affirmant is that Plaintiff is not presently in the county wherein I maintain my law office.

Affirmant further provides that the source of my information, and the grounds of my belief as to all matters not stated upon affirmant's knowledge, are from investigations made on behalf of the Plaintiff.

Dated:    JAMAICA, NEW YORK
           AUGUST 25, 2021

_____
KAREEM R. VESSUP